Fletcher A. Robbe, Esq. SBN: 67295
Fletcher Robbe International Attorneys at Law
600 La Terraza Blvd.
Escondido, CA 92025
Tel: (858)500-0710
Email: frobbe@frobbeintl.com

Attorney for Plaintiff,
JENNIFER CHEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER CHEN, an individual;<br>Plaintiff,<br>v.<br>UTHERVERSE, INC. a Nevada corporation; BRIAN SHUSTER, as an individual;; DOES 1 through 25, inclusive,<br>Defendants. | Case No.: [Case No.] '25CV0367 H VET<br>**COMPLAINT FOR DAMAGES**<br>**1. Breach of Written Contract**<br>**2. Breach of Implied Covenant of Good Faith & Fair Dealing**<br>**3. Unjust Enrichment**<br>**4. Fraud: Intentional Misrepresentation**<br>**5. Breach of Fiduciary Duty**<br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

For its Complaint, Plaintiff, Jennifer Chen ("Plaintiff") alleges as follows:

## NATURE OF THE CASE

This action arises from Defendants' breach of a contract entered into with Plaintiff. Said breach occurred through the conspiratorial acts of each named defendant which resulted in the unjust enrichment of Defendants. Defendants, and each of them, have conspired to defraud Plaintiff of money and by way of fraudulent acts.

## JURISDICTION AND VENUE

1. There are two sources of subject matter jurisdiction in this Court:

a. The parties' citizenship is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. (28 U.S.C. §1332.)

b. A substantial part of this action arises under the laws of the United States. 28 U.S.C. §§ 1331 and 1337.

2. There are two sources of venue in this Court:

a. A substantial part of the events or omissions giving rise to the action occurred in this district. (28 U.S.C. §§ 1391 (a)(2).

b. Defendant Utherverse, Inc. is a Nevada corporation have their principal place of business at 3827 S. Carson Street, Suite 196, Carson City, Nevada 89701.

c. Defendant Brian Shuster is a citizen of Canada.

d. Plaintiff, Jennifer Chen is a resident of the State of California, County of Orange.

e. All transactions subject to this Complaint have taken place in the United States, and pursuant to the subject contracts are under the jurisdiction of the State of California.

## THE PARTIES

**A. Plaintiffs**:

3. Plaintiff Jennifer Chen is an individual.

**B. Defendants:**

4. Defendant Utherverse, Inc. was, at all times relevant hereto, a corporation formed and operated in the state of Nevada.

5. Defendant Brian Shuster is an individual and a citizen of Canada.

6. The true names of Defendants Does 1 through 25, inclusive are persons and/or entities whose names are not yet known to Plaintiff and are sues herein under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged

below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned herein was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permissions and consent of the co-defendants. The named defendants and DOE defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants".

7. Relationship of defendants: All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants. Plaintiff will inform the Court by way of Amendment to the Complaint once the true names of any Doe defendant has been ascertained.

## FACTUAL ALLEGATIONS

8. Prior to April 4, 2023, plaintiff was introduced to defendant, Brian Shuster (herein "Shuster"), the introduction being from a mutual acquaintance of defendant Shuster and Plaintiff.

9.      Shuster informed Plaintiff that he was the controlling party of a Nevada corporation named Utherverse, Inc. ("Defendant Corporation") and was further informed by Shuster that he was bringing into defendant Corporation a significant and profitable business opportunity.

10.     Shuster further alleged to Plaintiff that within a very short several months from the time of communication Shuster would be taking defendant Corporation public via a reverse merger process; and that the shares she was purchasing would be very valuable thereafter.

11.     On or about April 4, 2023, Shuster provided Plaintiff with a Subscription Agreement ("Agreement") for her signature and subsequent delivery to his controlled bank account at Fresno Bank located in the city of Fresno, California the sum of USD$100,000.00, (a copy of the Subscription Agreement attached hereto as **Exhibit A**). Plaintiff was not an experienced investor and had never made an investment such as that contemplated in the Subscription Agreement. Contained in the Subscription Agreement was boiler plate language as to the Plaintiff, as an investor, being an "Accredited Investor." At no time did Shuster ever discuss her credentials as an Accredited Investor nor as an investor at all.

12.     Other than the little verbal communicated concept that Shuster has located a viable, in his opinion, acquisition opportunity Shuster provided zero actual material information about the Defendant Corporation, including any material information related to its financial viability, risk factors associated with the investment, background of management and material information concerning the supposed business opportunity to be acquired, nor any other material information usually provided to investors.

13.     To date, Plaintiff has been provided with no updates on her investment into the defendant Corporation as induced by defendant Shuster, and to her knowledge the company has not acquired any business opportunity, nor has it made any advance to conducting a reverse merger by which to become a public entity.    Plaintiff has repeatedly made request for the return of her funds based on mothering she was promised by defendant Shuster materializing except the apparent disappearance of her invested funds.

**FIRST CAUSE OF ACTION**

**Breach of Written Contract**
**(As Against All Defendants)**

14. Plaintiffs incorporate by reference all of the preceding paragraphs on this Complaint as if fully set forth herein.

15. The Agreement entered into on April 4, 2023 by and between these named Defendants and Plaintiff was a valid and binding agreement.

16. Plaintiffs at all times performed its obligations and duties under the Agreement while Defendants did not.

17. Defendants have breached their duties and obligations by failing and/or refusing to provide Plaintiff with any information regarding her investment despite numerous requests for such information.

18. As a result of Defendants' actions as set forth herein, Plaintiffs have incurred financial losses in excess of $150,000. Further damages incurred are in an amount to be determined at trial.

19. Defendants' acts were the legal and proximate cause of damage to Plaintiffs.

**SECOND CAUSE OF ACTION**

**Breach of Implied Covenant of Good Faith and Fair Dealing**
**(As Against All Defendants)**

20. Plaintiff incorporates by reference all of the preceding paragraphs on this Complaint as if fully set forth herein.

21. At all times relevant to this litigation, Defendants were in a contractual relationship with Plaintiff and owed a duty to Plaintiff to act in good faith and deal fairly with them.

22. Defendants, and each of them, breached their duties on more than one occasion by wrongfully converting, taking, and misdirecting financial interests of Plaintiff.

23. Such acts and omissions leading to the Defendants' breach of their duties to deal in good faith and fairly with Plaintiff were the actual and proximate cause of harm to Plaintiff.

24. The Defendants' conduct outrageous, intentional with their acts being done with malice or bad motives or reckless indifference to the interests of Plaintiff.

25. The conduct of Defendants, and each of them, described in this Complaint violated the implied covenant of good faith and fair dealing by their blatant, conspiratorial breaches to their respective contracts with Plaintiff.

26. As a result of these breaches of the implied covenant of good faith and fair dealing, Plaintiff has sustained damages, the exact amount of which will be determined at trial.

**THIRD CAUSE OF ACTION**

**Unjust Enrichment**
**(As to all Defendants)**

27. Plaintiff incorporates by reference all of the preceding paragraphs on this Complaint as if fully set forth herein.

28. By reasons of their conduct, including but not limited to inducing a contractual breach between Defendants and Plaintiff, and by failing and/or refusing to honor their own contractual obligations to Plaintiff, Defendants have profited and enriched themselves unjustly at the expense and to the detriment of Plaintiffs.

29. Defendants should not be permitted, in equity and good conscience, to retain for themselves any financial gain obtained as a result of their intentional misconduct.

30. As a result of Defendants' actions as set forth herein, Plaintiff has suffered damages in an amount to be determined at trial.

31. Defendants' acts were the legal and proximate cause of damage to Plaintiff.

**FOURTH CAUSE OF ACTION**

**Fraud: Intentional Misrepresentation**
**(As to Defendant Shuster)**

32. Plaintiff incorporates by reference all of the preceding paragraphs on this Complaint as if fully set

forth herein.

33. Defendants, and each of them, conspired together and/or acted in concert with one another in inducing Plaintiff to invest funds into their company, Defendant Utherverse.

34. Defendant Shuster intentionally misled Plaintiff when he informed her that he had located a viable acquisition opportunity yet provided no material information about this opportunity.

35. Shuster also never discussed with Plaintiff her credentials as an accredited investor or an investor at all.

36. To the knowledge of Plaintiff Defendants have not acquired any business opportunities.

37. Plaintiff has made demands that her investment be returned to her, which investment has seemed to vanish in thin air.

38. Furthermore, despite Plaintiff's numerous requests, Defendants have failed and/or refused to provide her with any accountings of her investment.

39. At the time Defendants made representations to Plaintiff, they knew that said representations were false and misleading.

40. Defendants made such representations with the intent that Plaintiff would rely on such representations and invest $100,000.00 of her money with them.

41. Plaintiff, in turn, did rely on said misrepresentations.

42. As a result, Plaintiff has suffered damages in an approximate amount of $100,000.00.

## FIFTH CAUSE OF ACTION

**Breach of Fiduciary Duty**
**(As to Defendant Shuster)**

43. Plaintiff incorporates by reference all of the preceding paragraphs on this Complaint as if fully set forth herein.

44. As an officer or director of Defendant Corporation, Defendant Shuster owed a fiduciary duty to Plaintiff, including but not limited to the duty of loyalty, the duty of care, the duty of full disclosure and the duty to act in good faith and the best interests of Plaintiff.

45. Defendant was legally obligated to Plaintiff to act as a fiduciary to Plaintiff as an investor and should have prioritized the interests of Plaintiff when making business decisions.

46. Plaintiff made numerous requests to Defendant that he provide an accounting and updated regarding her investment to no avail. Defendant has refused to provide Plaintiff with any information whatsoever.

47. As a matter of law, an investor or shareholder has a right to review a company's financial statements, balance sheets and cashflow statements both on a quarterly and annual basis. Furthermore, companies are required to disclose any significant information that could impact the value of an investment, including any major business developments, legal issues or changed in strategy.

48. Defendant breached these fiduciary duties by self-dealing, potential misappropriation of assets, and a failure to disclose material information.

49. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be determined at trial, but no less that her initial investment of $150,000.00.

50. Defendant's conduct was willful, wanton, and in reckless disregard of Plaintiff's rights, warranting the imposition of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For general and special damages in an amount to be determined upon proof at trial;
2. For punitive damages in an amount to be determined upon proof at trial;
3. Reasonable attorney fees;
4. Costs of suit; and

5. For such other relief as the Court may deem just and proper.

Dated: February 4, 2025

**FLETCHER ROBBE INTERNATIONAL ATTORNEYS AT LAW**

By: [signature]
Fletcher A. Robbe, Esq.
Attorney for Plaintiff

Docusign Envelope ID: A32E4689-7FF2-44DA-BCC2-4DC32FA91C09

**VERIFICATION**

I, Jennifer Chen, am the Plaintiff in this matter. I have read the foregoing COMPLAINT FOR DAMAGES and know its contents.

The matters stated in the Complaint for Damages are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this _____ day of February at Tustin, California.

Signed by:

07E5CBB497494F7...

2/5/2025 | 12:15 PM PST

By: ______________________________

Jennifer Chen